Filed 12/10/20  P. v. Humphrey CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091069 |
| Plaintiff and Respondent, | (Super. Ct. No. 02F02888) |
| v. | |
| ROY LEE HUMPHREY, | |
| Defendant and Appellant. | |

This appeal comes to us ostensibly pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Most of the background facts are taken from our prior opinion in *People v. Humphrey* (May 4, 2011, C052744) [nonpub. opn.].

One evening in January 2002, defendant approached a poker game taking place on the front porch of a house, demanded money, and then, when met with resistance, pulled out a gun and fatally shot his victim.  A jury found defendant guilty of several crimes, including murder committed in perpetration or attempted perpetration of a robbery (Pen.

1

Code, §§ 187, subd. (a), 189),[1] and the trial court imposed a sentence of 25 years to life for the murder.

In 2011 we affirmed defendant's murder conviction in his direct appeal from the criminal judgment. (*People v. Humphrey, supra*, C052744.)

In February 2019 defendant filed a section 1170.95 petition for resentencing, pursuant to recently enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.). On December 10, 2019, the trial court ruled defendant was ineligible for section 1170.95 relief, and denied the petition, because "defendant was the actual killer."

Defendant appealed from that order.

Appointed counsel for defendant asked this court independently to review the record pursuant to *Wende*. Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a 65-page supplemental brief, raising numerous contentions, most of which are not properly before us.

Whether the protections afforded by *Wende* and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a petition pursuant to section 1170.95 remains an open question. Our Supreme Court has not spoken. However, we are persuaded by the recent opinion of the Second District Court of Appeal, in *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278, that the *Wende/Anders* procedures do not apply. (But see *People v. Flores* (2020) 54 Cal.App.5th 266, 269; *People v. Gallo* (Nov. 19, 2020, E074674) __ Cal.App.5th ___ [2020 Cal.App. LEXIS 1095, *3-*4].)

Nonetheless, while this court may not be compelled to undertake the searching review contemplated by *Wende*, an appellate court is free to correct error whenever and

---

[1] Further statutory references are to the Penal Code.

however it is discovered. We will address arguments appropriately raised by the defendant in his supplemental brief.

Defendant argues, inter alia: there was insufficient evidence at trial "to identify [him] as a gunman"; Senate Bill No. 1437 does not violate California law; we should strike a gun enhancement that the trial court imposed at sentencing; and, he should not have been tried as an adult. Those arguments are too far removed from the substance of defendant's appeal from the trial court's denial of his section 1170.95 petition. Accordingly, the arguments are not properly before us. (*Polster, Inc. v. Swing* (1985) 164 Cal.App.3d 427, 436, ["[o]ur jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from"]; Cal. Rules of Court, rule 8.304(a)(4).)

Defendant appears to make one argument that is properly before us: the trial court should have conducted a hearing on the merits of his petition before denying it, because the jury found him guilty under the felony murder rule and/or the natural probable consequences doctrine.

This argument lacks merit.

Our prior opinion makes clear that defendant was the actual killer, and therefore, as a matter of law, was ineligible for relief pursuant to section 1170.95. (See Stats. 2018, ch. 1015, § 1, subd. (f) ["It is necessary to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is *not imposed on a person who is not the actual killer*, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life," italics added]; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 330 ["the petitioner is ineligible for relief as a matter of law [if] he or she was convicted on a ground that remains valid notwithstanding Senate Bill 1437's amendments to sections 188 and 189 (see § 1170.95, subd. (a)(3))—for example, a petitioner who [was] the actual killer"], review granted Mar. 18, 2020, S260493.)

3

None of the remaining arguments have merit or raise issues properly before us.

DISPOSITION

The judgment (order) is affirmed.

                                    _____/s/_____
                                    RAYE, P. J.


We concur:


_____/s/_____
BLEASE, J.


_____/s/_____
ROBIE, J.

4